**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

KATHY ROBERTS and                                                                                      PLAINTIFFS
KAREN MCSHANE

v.                                              NO. 1:15CV00071 JLH

UNIMIN CORPORATION                                                                               DEFENDANT

## CERTIFICATION ORDER

This Court certifies to the Supreme Court of Arkansas a question of law that may be determinative of this case and as to which this Court finds that there is no controlling precedent in the decisions of the Supreme Court of Arkansas.

**I.**

**QUESTION OF LAW TO BE ANSWERED**

Does Arkansas law allow a lessor to terminate a lease at will when the lease term continues after a term of years "and as long thereafter as mining and/or mining operations are prosecuted on said above described lands and siliceous material are hauled, transported over, across, or under said above described lands, and siliceous materials are shipped from Lessee's mill or mills [. . .]"?

**II.**

**FACTS RELEVANT TO THE QUESTION**

Pursuant to Rule 6-8(c)(2), the parties agree upon the following statement of facts relevant to the question.

On March 1, 1961, a Lease Agreement was entered into between Silica Products Company, Inc. as "Lessee" and S. B. Hinkle, Oma Collier, Watt McKinney, J.A. Cotten, D. G. Brown, Ray Williamson, and Ida E. Williamson as "Lessors" (hereinafter "the 1961 lease"). Plaintiffs Kathy Roberts and Karen McShane ("Plaintiffs") are assignees of the 1961 lease. Defendant Unimin

("Defendant" or "Unimin") is the successor-in-interest to Silica Products Company, Inc., the original lessee. Unimin conducts mining and mining operations in the Guion, Arkansas area, including on property that is the subject of the 1961 lease.

Page 4 of the 1961 lease states the following term:

TO HAVE AND TO HOLD the above described lands unto the Lessee and to its successors and assigns for and during the term beginning the 1st day of March, 1961 and ending the 31st day of January, 2007, and as long thereafter as mining and/or mining operations are prosecuted on said above described lands and/or siliceous materials are hauled, transported over, across or under said above described lands, and siliceous materials are shipped from Lessee's mill or mills, subject, however, to the provisions hereinafter set out.

Page 4 of the 1961 lease includes a list of "mining operations" for purposes of the 1961 lease, which are described as follows:

For the purpose of mining, quarrying and/or milling and preparing for market, and selling, shipping and/or otherwise disposing of siliceous materials from the above described lands, constructing such mills, buildings, and other permanent improvements of whatever nature deemed desirable by Lessee on said above described lands, storing and/or stockpiling siliceous and other materials on said above described lands, constructing, reconstructing and maintaining on, over and across said above described lands of roads, tracks, and rights-of-way of whatever nature from time to time and for the purpose of hauling and transporting over, across and under the above described lands siliceous materials mined from the above described lands or mined from other lands owned or leased by Lessee to its mill site or sites, or to other locations on said above described lands.

The lease also contains a provision with specified events of default.

Plaintiffs seek a declaratory judgment that the 1961 lease is terminable at will, claiming its term is indefinite. Defendant maintains that the 1961 lease cannot be terminated at will because it is either a valid determinable lease or determinable fee.

## III.

## COMMENT BY THE UNITED STATES DISTRICT COURT

It appears that this issue is one of first impression in Arkansas. Outside of the mineral lease context, the Arkansas Supreme Court has held that a lease for an indefinite term creates a tenancy from month to month. *Coley v. Westbrook*, 206 Ark. 1111, 1115, 178 S.W.2d 991, 992-93 (1944). In the mineral lease context, the Arkansas Supreme Court has addressed leases that were similar, but not identical, to the lease at issue here. In none of those cases, however, was the issue whether the lease was terminable at will. *See, for example, Mooney v. Gantt*, 219 Ark. 485, 243 S.W.2d 9 (1951) (the plaintiffs argued that the lease lacked mutuality of obligation and consideration, not that the lease was for an indefinite term); *Bodcaw Oil Co. v. Atlantic Refining Co.*, 217 Ark. 50, 228 S.W.2d 626 (1950) (the issue was whether the term – "for so long as oil and gas, or either of them, is being produced from the other lands" – was sufficient consideration to support an agreement).

## IV.

## REFORMULATION OF THE QUESTION

The United States District Court hereby acknowledges that the Supreme Court of Arkansas, acting as the receiving court, may reformulate the question presented.

## V.

## COUNSEL OF RECORD AND PARTIES

The attorneys of record in the case pending before this Court are as follows.

Attorneys for the Plaintiffs, Kathy Roberts and Karen McShane:

    Benjamin R. Askew, *pro hac vice*
    John G. Simon
    Kevin M. Carnie, Jr., *pro hac vice*
    THE SIMON LAW FIRM, P.C.

    800 Market Street
    Suite 1700
    St. Louis, MO 63101
    314-241-2929
    Fax: 314-241-2029
    baskew@simonlawpc.com
    jsimon@simonlawpc.com
    kcarnie@simonlawpc.com

Attorneys for the Defendant, Unimin Corporation:

    Robert D. Stroud
    Barrett S. Moore
    BLAIR & STROUD
    P. O. Box 2135
    Batesville, AR 72503
    870-793-8350
    Fax: 870-793-3989
    rds@blastlaw.com
    bsm@blastlaw.com

## VI.

The Clerk of the Court is hereby directed to forward this Certification Order to the Supreme Court of Arkansas under his official seal.

IT IS SO ORDERED this 25th day of April, 2016.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE